UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| E. MAURICE GARY, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 11-40235-FDS |
| | ) |
| WASTE MANAGEMENT, INC., | ) |
| DIANE HICKS, and SHANE SACOBIE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS**

**SAYLOR, J.**

This is an action alleging unlawful employment discrimination on the basis of race and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Massachusetts General Laws Chapter 151B. Plaintiff E. Maurice Gary contends that his employer, defendant Waste Management, Inc., and two Waste Management employees, Diane Hicks and Shane Sacobie, discriminated against him by failing to promote him and later terminating his employment. He also contends that defendants unlawfully retaliated against him after he filed a complaint with the Massachusetts Commission Against Discrimination.

Defendants have moved to dismiss the Title VII claims against the individual defendants and the state-law claims as time-barred. Plaintiff agrees that the Title VII claims against the individuals should be dismissed. For following reasons the motion to dismiss the state-law claims will also be granted.

**I.   Background**

For purposes of this motion, the Court assumes the truth of the factual allegations from

the complaint.

Plaintiff E. Maurice Gary began working for Waste Management, Inc., as a Billing Clerk in November 2005.  (Compl. ¶¶ 2,5).  In August 2007, he applied to be a Senior Billing Clerk.  (*Id.* ¶ 7-9).  Waste Management did not hire Gary for that position, and instead hired Shane Sacobie.  (*Id.* ¶ 14).  Gary is black and Sacobie is white.  (*Id.* ¶¶ 3, 14).

In January 2008, Gary filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), alleging that he was denied the promotion because of his race and color.  (*Id.* ¶ 15).  After receiving notice of this complaint, according to Gary, Sacobie and Diane Hicks (another supervisor at Waste Management) began disrespecting him in front of his coworkers; held him to a different standard for attendance, performance, and participation at work than when evaluating his colleagues; and accused him of making errors and failing to properly do his job.  (*Id.* ¶¶ 17-19).  Frustrated, Gary hit an empty cardboard box in his cubicle.  (*Id.* ¶ 20).  In response, Hicks and Sacobie accused Gary of workplace violence, and stated that female employees were "terrified" of him after the incident.  (*Id.*).

On April 24, 2008, Gary met with Melissa Glavin-Guillote, a member of Waste Management's human resources department, to discuss his recent absence from work.  (*Id.* ¶¶ 22-27, 28).[1]  At the meeting, Glavin-Guillote accused Gary of recording the conversation on his cell phone and tried to take the phone.  When Gary prevented her from doing so, Glavin-Guillote said he terminated "effective immediately."  (*Id.* ¶¶ 30-32).  Shortly after that meeting, Waste Management sent Gary a letter stating that Glavin-Guillote had unsuccessfully tried to contact him on several occasions, and that his employment was terminated effective May 2, 2008.  (*Id.* ¶ 35-

---

[1] The complaint indicates that Glavin-Guillote's name may be misspelled.  (Compl. ¶ 28).

36).[2]  After receiving the letter, Gary filed another complaint with the MCAD. (*Id.* ¶ 38).

On May 8, 2008, Hicks placed several additional disciplinary reports in Gary's personnel file. (*Id.* ¶ 39). The warnings are dated May 25 and May 28, 2008. (*See* Pl. Mem., Ex. 1).[3] As a result, Gary has been unable to find steady full-time employment. (Compl. ¶ 41).

Gary filed this lawsuit on December 15, 2011. Counts 1, 2, and 3 allege that Waste Management, Hicks, and Sacobie violated Gary's rights under Title VII. Counts 4, 5, and 6 assert parallel claims under Mass. Gen. Laws ch. 151B.

## II.     Standard of Review

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Material attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them on a motion to dismiss. *Trans-Spec Truck Serv. v. Caterpillar*, 524 F.3d 315, 321 (1st Cir. 2008). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[2] Gary received the letter after May 2. (Compl. ¶ 36).

[3] The complaint alleges that these were the only disciplinary reports Gary received concerning his work at Waste Management. (Compl. ¶ 40).

unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

### III.  Analysis

Defendants contend that plaintiff's claims arising under Mass. Gen. Laws ch. 151B should be dismissed as time-barred. A plaintiff must bring a civil action under Chapter 151B "not later than three years after the alleged unlawful practice occurred . . . ." Mass. Gen. Laws ch. 151B, § 9; *accord Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521, 531 n. 11 (2001) ("[A] plaintiff has three years 'after the alleged unlawful practice occurred' to sue in court.").

The complaint alleges that plaintiff was terminated either on April 28 or May 2, 2008, and that defendants put additional disciplinary notices in his file, the latest of which is dated May 28, 2008. Even assuming that the May 28 warning is an "unlawful practice" for purposes of calculating the limitations period, plaintiff filed this suit on December 15, 2011, more than three years after the warning was added to his file. Thus, plaintiff failed to file his Chapter 151B claim within the three-year limitations period.

Plaintiff nonetheless contends that the limitations period should be tolled because he could not have reasonably learned about these warnings until discovery in September 2010.[4] The "discovery rule," tolls "a limitations period until a prospective plaintiff learns or should have

---

[4] Plaintiff also briefly refers to the continuing-violation doctrine, which "recognizes that some claims of discrimination involve a series of related events that have to be viewed in their totality in order to assess adequately their discriminatory nature and impact." *Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Discrimination*, 441 Mass. 632, 642 (2004) (quoting *Cuddyer*, 434 Mass. at 531). However, and at a minimum, for the doctrine to apply, plaintiff must still show that "at least one discriminatory act occurred within the . . . limitations period . . . ." *Id.* at 643. As discussed, plaintiff has not done so.

4

learned that he has been injured." *Albrecht v. Clifford*, 436 Mass. 706, 714 (2002).  Under the discovery rule, a "plaintiff need not know the full extent of the injury before the [period] starts to run." *Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 207 (1990) (citing *Olsen v. Bell Tel. Laboratories, Inc.*, 388 Mass. 171, 175 (1983)).  Rather, the limitations period "starts to run when an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have caused [him] injury." *Id.*

Here, plaintiff actually knew he had been injured when he was terminated, and immediately took action by filing a complaint with the MCAD.  Although the disciplinary warnings may have caused plaintiff additional harm, his lack of knowledge of the full extent of the harm is insufficient to toll the limitations period. *Bowen*, 408 Mass. at 207. Put simply, plaintiff knew that he was harmed and took immediate action to try to remedy that harm.  Despite that, he failed to file his Chapter 151B claims within three years of the date on which they accrued.  Under the circumstances, tolling is inappropriate and defendants' motions to dismiss plaintiff's 151B claims will therefore be granted.

### IV.   Conclusion

For the foregoing reasons, defendants' motions to dismiss are GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: May 8, 2012